IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DUSTIN SPONSLER<br>1032 Belmont Ave.<br>Mansfield, OH 44906<br><br>              Plaintiff,<br><br>            v.<br><br>CORNELL ABRAXAS GROUP, LLC<br>F/K/A Cornel Abraxas Group Inc.<br>D/B/A Abraxas Youth & Family Services<br>c/o Amanda S. Smith, Esq.<br>3550 West Market Street, Suite 100<br>Akron, OH 44333<br><br>  -also serve-<br><br>CORNELL ABRAXAS GROUP, LLC<br>F/K/A Cornel Abraxas Group Inc.<br>D/B/A Abraxas Youth & Family Services<br>c/o Corporate Creations Network, Inc.<br>119 E. Court Street<br>Cincinnati, OH 42020<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**Jury Demand Endorsed Herein** |

Plaintiff, Dustin Sponsler, by and through undersigned counsel, as his complaint against the Defendant, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a resident of the city of Mansfield, county of Richland, state of Ohio.

2. Cornell Abraxas Group, LLC f/k/a Cornel Abraxas Group Inc., d/b/a Abraxas Youth & Family Services ("Abraxas") is a foreign corporation for profit with its principal place of business in Ohio located at 2775 OH-39, Shelby, OH 44875.

3. All of the material events alleged in this complaint occurred in Richland County.

4. This Court has subject matter jurisdiction pursuant to; 28 U.S.C. § 1331 in that Plaintiff is alleging a federal law claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2023-02616, against Abraxas operating at 2775 OH-39, Shelby, OH 44875.

8. On or about October 26, 2023, the EEOC through the U.S. Department of Justice Civil Rights Division issued and mailed a Notice of Right to Sue letter to Plaintiff regarding the Charges of Discrimination brought by Plaintiff against Abraxas.

9. Plaintiff received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) – which has been attached hereto as Plaintiff's Exhibit "A".

10. Plaintiff has filed this complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Plaintiff has properly exhausted his administrative remedies pursuant to 29 C.F.R. 1614.407(b).

**FACTS**

12. Sponsler is a former employee of Abraxas.

13. Abraxas hired Sponsler in or around March 21, 2022.

14. Sponsler worked for Abraxas as a Youth Development Technician.

15. At all times during his employment, Sponsler suffered from; seizures, Attention-Deficit-Disorder ("ADD"), mild cognitive disorder, memory loss, depression, anxiety, and global deterioration state 3 and 7.

16. Sponsler's conditions are partly due to brain trauma he suffered in 2008.

17. Sponsler had a qualifying disability during his employment.

18. Abraxas knew of Sponsler's disabilities.

19. In and about November 2022, Abraxas began requiring mandatory overtime from the Youth Development Technicians.

20. On November 25, 2022, Sponsler emailed Human Resources Generalist Elizabeth Thompson ("Thompson").

21. Sponsler explained to Thompson that the mandatory extra shifts were severely exacerbating his seizure symptoms.

22. Sponsler requested reasonable accommodation by requesting that his work hours be limited to forty (40) per week.

23. In addition to the lowered seizure threshold from the mandatory extra shifts, they also made it impossible to attend doctor appointments necessary for managing his seizure disorder.

24. Sponsler offered Thompson medical documentation to confirm his diagnosis and necessary accommodation.

25. On November 28, 2022, Thompson responded with an ADA Questionnaire.

26. Sponsler immediately realized that the Questionnaire was missing half of the require information, and did not include his job description, so he re-requested the document.

27. That same day, Sponsler's physician filled out the ADA Questionnaire, including a letter outlining Sponsler's seizure disorder, and requesting Sponsler's work hours be limited to forty (40) per week.

28. There was no response from Thompson or any discussion into providing for Sponsler's reasonable accommodation.

29. On December 27, 2022, Sponsler emailed Thompson to check the status of his accommodation request.

30. Sponsler also complained that due to the delay he was being forced to work the extra shifts for fear of discipline.

31. Sponsler complained that his supervisors were not apprised of his condition or need for accommodation.

32. Later that same day, Sponsler received a response email from Thompson indicating that Abraxas would be complying with the accommodation restriction, informing his supervisors, and a formal letter would be sent to him.

33. However, just two days later, on December 29, 2022, Thompson revoked Sponsler's reasonable accommodation.

34. Thompson claimed that she had no authority to approve Sponsler's accommodation and that his request would need to be reviewed by the Corporate Benefits Department.

35. Thompson also indicated that she had heard from Sponsler's direct supervisor Jim Beck ("Beck"), that Sponsler intended to call off until he received an accommodation.

36. Thompson warned Sponsler that any call-off would be subject to the company's attendance policy and could lead to termination.

37. Thompson had acquired around seventy (70) hours of paid-time-off ("PTO") at the time, but Thompson insinuated his use of that time would result in discipline if used before the final determination concerning his reasonable accommodation was made.

38. Sponsler responded that Abraxas was forcing him to choose between his health and termination.

39. Sponsler requested a temporary leave of absence as a mitigation option.

40. Thompson's last response was to tell him to "Hang tight" until Thompson returned from a personal vacation.

41. Seeing that Abraxas was attempting to stall the process in an attempt to force him to work, in contravention of his doctor's orders, and to the detriment of his health and welfare, Sponsler was forced to resign on December 29, 2022.

42. Sponsler's constructive discharge came a full month after submitting a simple and reasonable request for accommodation.

43. Sponsler is aware that other employees, such as Bryan Hall, were treated differently than Sponsler, as this employee was granted reasonable accommodation and exclusion from mandatory extra shifts with only a doctor's notes.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

44. Sponsler restates each and every prior paragraph of this complaint as if it were fully restated herein.

45. Sponsler suffers from; seizures, Attention-Deficit-Disorder ("ADD"), mild cognitive disorder, memory loss, depression, anxiety, and global deterioration state 3 and 7.

46. Sponsler is disabled pursuant to 42 U.S.C. §12102.

47. Abraxas perceived Sponsler as being disabled.

48. Sponsler's conditions substantially impaired one or more of his major life activities including working.

49. Abraxas perceived Sponsler's conditions to substantially limit one or more of his major life activities including working.

50. Abraxas treated Sponsler differently than to his similarly situated employees based on his disabling conditions.

51. Abraxas treated Sponsler differently than to his similarly situated employees based on his perceived disabling conditions.

52. Despite Sponsler's actual or perceived disabilities, Sponsler was still able to perform all the essential functions of his job.

53. On or about December 29, 2022, Abraxas constructively terminated Sponsler's employment without just cause.

54. Abraxis made Sponsler's working conditions so intolerable that a reasonable person would have felt compelled to resign.

55. Abraxas constructively terminated Sponsler's employment based his disability.

56. Abraxas constructively terminated Sponsler's employment based his perceived disability.

57. Abraxas violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. when they constructively discharged Sponsler based on his disability.

58. Abraxas violated 42 U.S.C. § 12112 *et seq*. when they constructively discharged Sponsler based on his perceived disability.

59. Abraxas violated 42 U.S.C. § 12112(a) by discriminating against Sponsler based on his disabling condition.

60. Abraxas violated 42 U.S.C. § 12112(a) by discriminating against Sponsler based on his perceived disabling condition.

61. As a result of Abraxas's conduct, Sponsler suffered emotional distress and is entitled emotional distress damages pursuant to 42 U.S.C. § 12112(a).

62. As a direct and proximate result of Abraxas's conduct, Sponsler suffered and will continue to suffer damages.

## COUNT II: FAILURE TO ACCOMMODATE UNDER THE ADA

63. Sponsler restates each and every prior paragraph of this complaint as if it were fully restated herein.

64. Sponsler informed Abraxas of his disabling condition.

65. Sponsler requested accommodations from Abraxas to assist with his disabilities including requesting he not be subject to mandatory extra shifts.

66. Sponsler's requested accommodations were reasonable.

67. Ther were accommodations available that would have been effective and would have not posed an undue hardship to Abraxas.

68. Abraxas failed to engage in the interactive process of determining whether Sponsler needed an accommodation.

69. Abraxas failed to provide an accommodation.

70. Abraxas violated the ADA 42 U.S.C. § 12101 *et seq*.

71. As a direct and proximate result of Abraxas conduct, Sponsler suffered and will continue to suffer damages.

## COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. § 12203

72. Sponsler restates each and every prior paragraph of this complaint as if it were fully restated herein.

73. As a result of the Abraxas' discriminatory conduct described above, Sponsler complained about the disability discrimination he was experiencing.

74. Subsequent to Sponsler's reporting of disability discrimination to Abraxas, Abraxas constructively terminated Sponsler's employment by failing to accommodate him and forcing him to choose between his employment and his health.

75. Subsequent to Sponsler reporting of disability discrimination to Abraxas, Abraxas unreasonably denied Sponsler's requests for accommodation.

76. Abraxas actions were retaliatory in nature based on Sponsler's opposition to the unlawful discriminatory conduct.

77. As a result of Abraxas's conduct, Sponsler suffered emotional distress and is entitled emotional distress damages pursuant to the ADA.

78. As a direct and proximate result of Abraxas's retaliatory discrimination against and termination of Sponsler, he suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02

79. Sponsler restates each and every prior paragraph of this complaint as if it were fully restated herein.

80. Sponsler suffers from; seizures, Attention-Deficit-Disorder ("ADD"), mild cognitive disorder, memory loss, depression, anxiety, and global deterioration state 3 and 7.

81. Sponsler is disabled.

82. Abraxas perceived Sponsler as being disabled.

83. Sponsler's conditions constitute a physical impairment.

84. Sponsler's conditions substantially limited one or more of his major life activities including working.

85. Abraxas perceived Sponsler's conditions to substantially limit one or more of his major life activities including working.

86. Abraxas treated Sponsler differently than other similarly situated employees based on his disabling conditions.

87. Despite Sponsler's actual or perceived disabilities, Sponsler was still able to perform all the essential functions of his job.

88. On or about November 29, 2022, Abraxas forced Sponsler's to resign his employment based on his disability.

89. Abraxis constructively discharged Sponsler from his employment.

90. Abraxis made Sponsler's working conditions so intolerable that a reasonable person would have felt compelled to resign.

91. Abraxas constructively discharged Sponsler's employment based his actual or perceived disability.

92. Abraxas violated R.C. § 4112.02 when they constructively discharged Sponsler based on his disability.

93. Abraxas violated R.C. § 4112.02 by discriminating against Sponsler based on his disabling condition.

94. As a result of Abraxas's conduct, Sponsler suffered emotional distress and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

95. As a direct and proximate result of Abraxas's conduct, Sponsler suffered and will continue to suffer damages.

## COUNT V: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.02

96. Sponsler restates each and every prior paragraph of this complaint as if it were fully restated herein.

97. Sponsler informed Abraxas of his disabling conditions.

98. Sponsler requested accommodations from Abraxas to assist with his disabilities including requesting he not be subject to mandatory extra shifts.

99. Sponsler's requested accommodations were reasonable.

100. There were reasonable accommodations available that would have been effective and would have not posed an undue hardship to Abraxas.

101. Abraxas failed to engage in the interactive process of determining whether Sponsler needed an accommodation.

102. Abraxas failed to provide any accommodation to Sponsler.

103. Abraxas violated R.C. § 4112.02 by failing to provide Sponsler a reasonable accommodation.

104. As a result of Abraxas's conduct, Sponsler suffered emotional distress and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

105. As a direct and proximate result of Abraxas's conduct, Sponsler suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

106. Sponsler restates each and every prior paragraph of this complaint as if it were fully restated herein.

107. As a result of the discriminatory conduct described above, Sponsler complained to Defendant about the disability discrimination that he was experiencing.

108. Subsequent to Sponsler reporting discrimination he suffered adverse actions including his being forced to resign his employment.

109. Defendant's actions were retaliatory in nature based on Sponsler's opposition to the unlawful discriminatory conduct.

110. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any to his/her person because that person has opposed any unlawful discriminatory practice defined in this section…"

111. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Sponsler, he suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHIS/HEREFORE, Dustin Sponsler demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Plaintiff to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Plaintiff for lost wages, defamation damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award against each Defendant of punitive damages, per claim to be proven at trial;

(d) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such to his relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*
Fred M. Bean (0086756)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Dustin Sponsler demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**

12